IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James H. MARTIN, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

James H. MARTIN, Respondent.

Supreme Court

No. 99–0377–D. Filed June 30, 1999.

(Also reported in 595 N.W.2d 707.)

¶ 1.  PER CURIAM.  We review the recommendation of the referee that the license of Attorney James H. Martin to practice law in Wisconsin be suspended for six months as discipline for professional misconduct.  That misconduct consisted of his failure to respond to numerous requests for information from the district professional responsibility committee and from the Board of Attorneys Professional Responsibility (Board) in respect to his conduct in several matters, his failure to act with reasonable diligence and promptness in three client matters and failure to keep a client in one of them informed of the status of the matter and return the retainer he had been paid, and his failure to respond to three orders from the Court of Appeals requiring a response to the motion filed by his client for an extension of time to file a notice of intent to pursue postconviction relief.

¶ 2.  We determine that the seriousness of Attorney Martin's professional misconduct warrants the six-month license suspension recommended by the referee. In two matters, he abandoned his clients without taking necessary action to protect their interests, and in one of them he ignored repeated orders from the appellate court to respond to his client's claim that he had failed to act on his behalf. A six-month license suspension is warranted not only to impress upon Attorney Martin the seriousness of his repeated breach of professional responsibility but also to ensure that his license to practice law will not be reinstated until he has satis-

fied the court that he has the requisite understanding of his professional obligations to be licensed to represent others in our legal system.

¶ 3. Attorney Martin was admitted to practice law in Wisconsin in 1981 and practiced in Janesville. At some time in 1997 he closed his practice without notice to his clients and relocated to Milwaukee, where he is not engaged in the practice of law. He currently is suspended from practice for failure to pay State Bar dues and for failure to comply with continuing legal education requirements. He has not been the subject of a prior disciplinary proceeding.

¶ 4. When Attorney Martin did not file an answer to the Board's complaint, the referee, Attorney David R. Friedman, held a hearing on the Board's motion for default. The attorney appearing for Attorney Martin stipulated to the allegations of the complaint, with the amendment of one of them in respect to the amount of retainer paid by one of Attorney Martin's clients, and the referee made findings accordingly.

¶ 5. The Board had been notified of Attorney Martin's apparent abandonment of his law practice in July 1997, after he did not appear at several clients' court proceedings. Attorney Martin did not respond to several letters from the Board and from the district professional responsibility committee requesting a response to the possible misconduct involved in his abandonment of the practice. The Board was notified by counsel for Attorney Martin in November 1998 that he was no longer practicing law and had relocated to the Milwaukee area and was pursuing other interests. The referee concluded that Attorney Martin's failure to respond to letters of inquiry from the Board and from the district committee constituted a failure to cooper-

351

ate with the Board's investigation, in violation of SCR 21.03(4)[1] and 22.07(2) and (3).[2]

¶ 6. The referee made findings and conclusions in respect to three other matters. In 1995 Attorney Martin was retained by a client to file for bankruptcy, for which she paid him a $450 retainer. Attorney Martin did not file the bankruptcy, did not return or account to the client for the retainer he had received, and did not respond to the client's numerous telephone calls. In August 1997 the client went to Attorney Martin's office and found it had been vacated. Attorney Martin did not respond to several letters from the

---

[1] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[2] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

Board and from the district professional responsibility committee in respect to this client's grievance. The referee concluded that Attorney Martin failed to act with reasonable diligence in this client's matter, in violation of SCR 20:1.3,[3] failed to provide the client accurate information regarding the case and keep her reasonably informed of its status, in violation of SCR 20:1.4(a),[4] failed to return the unearned retainer he had received in the matter, in violation of SCR 20:1.16(d),[5] and failed to cooperate with the Board's investigation, in violation of SCR 21.03(4) and 22.07(2) and (3).

¶ 7. In June 1997 a client Attorney Martin had represented in a criminal matter filed in the Court of Appeals a motion for an extension of time to file a notice of intent to pursue postconviction relief in which he alleged that Attorney Martin had failed to file that

---

[3] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[5] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**
. . .
(d).  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

notice of intent. The Court of Appeals issued three orders requesting Attorney Martin to provide a response to the client's motion, but Attorney Martin did not respond to any of them. The third order, sent by certified mail, was returned to the court "unclaimed," and the court's further attempts to locate him were unsuccessful, as his telephone number was neither published nor listed, and the telephone had been disconnected. Attorney Martin did not respond to letters from the Board and the district committee requesting information in respect to this matter. The referee concluded that Attorney Martin failed to· act with reasonable diligence in the matter, in violation of SCR 20:1.3, failed to respond to orders from the Court of Appeals, in violation of SCR 20:3.4(c),[6] and failed to cooperate in the Board's investigation, in violation of SCR 21.03(4) and 22.07(2) and (3).

¶ 8. In February 1997 Attorney Martin was retained to handle a divorce action. In June 1997 he told the client that a hearing was scheduled for the end of June and said he had closed his office and that if the client needed to speak to him, he should telephone him at his home. Attorney Martin appeared with the client at the hearing, and the court granted a judgment of divorce. When the court subsequently notified the client that the findings of facts, conclusions of law and judgment had not yet been filed, the client retained other counsel, who prepared and filed the necessary

---

[6] SCR 20:3.4 provides, in pertinent part:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(c)   knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

papers. Attorney Martin did not respond to letters from the Board seeking information in response to the client's grievance in this matter. The referee concluded that Attorney Martin failed to act with reasonable diligence in the matter, in violation of SCR 20:1.3, and failed to cooperate in the Board's investigation, in violation of SCR 21.03(4) and 22.07(2) and (3).

¶ 9. As discipline for that professional misconduct, the referee recommended the six-month license suspension that the Board had urged. The referee also recommended that Attorney Martin be required to pay the costs of this proceeding, notwithstanding the statement of his attorney that he is without funds sufficient to pay the costs.

¶ 10. We adopt the referee's findings of fact and conclusions of law and determine that the recommended six-month license suspension is the appropriate discipline to impose for Attorney Martin's professional misconduct. While the referee did not address the issue of restitution of the bankruptcy client's $450 retainer, counsel for Attorney Martin had asked the referee not to recommend that he be required to make any payments other than repayment of the retainer to the bankruptcy client. It is appropriate that Attorney Martin be required to make restitution to that client.

¶ 11. IT IS ORDERED that the license of James H. Martin to practice law in Wisconsin is suspended for six months, effective the date of this order, as discipline for professional misconduct.

¶ 12. IT IS FURTHER ORDERED that within 60 days of the date of this order James H. Martin make restitution as set forth in this opinion.

¶ 13. IT IS FURTHER ORDERED that within 60 days of the date of this order, James H. Martin pay to the

Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James H. Martin to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 14. IT IS FURTHER ORDERED that James H. Martin comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.